```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MILTON J. MEDINA                 :        CIVIL ACTION
                                 :
        v.                       :
                                 :
ALLIANCEONE RECEIVABLES          :
MANAGEMENT, INC.                          NO. 16-4664
```

                         MEMORANDUM

Bartle, J.                                    January 19, 2017

       Plaintiff Milton J. Medina has filed this putative class action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq.  Defendant AllianceOne Receivables Management, Inc. has moved to dismiss the amended complaint for lack of subject matter jurisdiction or in the alternative for judgment on the pleadings.

       Plaintiff alleges that defendant, a debt collector under 15 U.S.C. § 1692a(6), sent a letter to him in which it sought to settle for $222.28 a debt of $341.97 owed by him to Department Store National Bank on his Macy's credit card.  In the letter, defendant stated, among other things, "Our client Department Store National Bank will report forgiveness of debt as required by IRS regulations."  Plaintiff claims that this statement is deceptive and misleading because, contrary to the letter, the IRS reporting requirement is not mandatory under all circumstances where a debt or part of a debt is forgiven.

According to the amended complaint, there are a number of exceptions to the IRS reporting requirement. One of those exceptions excludes the need to report where the forgiveness does not exceed $600.00. 26 C.F.R. § 1.6050P-1(a). That appears to be the situation here.

In support of its motion to dismiss for lack of subject matter jurisdiction, defendant first argues that plaintiff does not have standing under Article III of the Constitution. In Spokeo, Inc. v. Robins, a case involving the Fair Credit Reporting Act, the Supreme Court reiterated the standing requirement:

> Our cases have established that the "irreducible constitutional minimum" of standing consists of three elements. Lujan, 504 U.S. at 560, 112 S.Ct. 2130. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.
>
> . . .
>
> To establish injury in fact, a plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." Lujan, 504 U.S. at 560, 112 S.Ct. 2130 (internal quotation marks omitted).

136 S.Ct. 1540, 1547-48 (2016).

To be concrete, the injury must be "de facto," that is it must actually exist. Id. at 1548. "The risk of real harm" can also satisfy the concreteness test. Id. at 1549.

The overriding purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692. Those abusive debt collection practices included the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The FDCPA gives a consumer the right to sue for damages for any violation. 15 U.S.C. § 1692k.

The injury to the consumer alleged here is the false and misleading statement made by the debt collector in an effort to collect or settle the consumer's debt obligation. The FDCPA is designed to protect the consumer from the inherent harm caused when a debt collector, in seeking to collect a debt, is not straight with the consumer but instead makes a false or deceptive statement to achieve its purpose. The deceptive declaration in the letter about a requirement to report the consumer's resolution of the debt to the IRS creates a particularized and concrete injury, at the very least unnecessary fear and anxiety on the part of the consumer. While the harm may be intangible, it involves a de facto injury nonetheless. The FDCPA was enacted to provide redress for such a result. See In re Nichelodeon Consumer Privacy Litig.,

-3-

827 F.3d 262, 273-74 (3d Cir. 2016).  Defendant's argument to the contrary would gut the salutary purpose of the FDCPA. Plaintiff has standing to bring this action.

Defendant further maintains that even if plaintiff has standing, the letter that it sent to plaintiff was not false or misleading as a matter of law.  Defendant seeks judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.[1]  For this purpose, we accept as true all well-pleaded facts in the amended complaint.  <u>Caprio v. Healthcare Revenue Recovery Group</u>, 709 F.3d 142, 146-47 (3d Cir. 2013); <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009).

The relevant language of the letter in issue, as noted above, reads "Our client Department Store National Bank will report forgiveness of debt as required by IRS regulation."  The defendant concedes that it would not have to notify the IRS of any debt forgiveness here.  Instead, defendant argues that the plain meaning of the letter's use of the words <u>as required</u> is that the forgiveness of the debt will be reported to the IRS only if or to the extent required by the IRS regulations.  Of course, the words <u>only if</u> or <u>to the extent</u> do not appear in the letter.  Plaintiff counters that <u>as required</u> means <u>because required</u>.  Under this reading, the sentence in the letter is

---

1. Rule 12(c) provides, "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).

-4-

clearly false. Thus, the pivotal question is what the definition of *as* is. The dictionary tells us that *as* can mean *when* and can also mean *because*. Webster's III New Int'l Dictionary 125 (1986).

Our Court of Appeals has explained in *Brown v. Card Serv. Cent.* that the least sophisticated debtor or consumer standard must be applied in determining whether a statement is false or deceptive:

> The least sophisticated debtor standard requires more than "simply examining whether particular language would deceive or mislead a reasonable debtor" because a communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor. *Quadramed*, 225 F.3d at 354 (internal quotation marks and citation omitted). This lower standard comports with the basic purpose of the FDCPA: as previously stated, to protect "all consumers, the gullible as well as the shrewd," "the trusting as well as the suspicious," from abusive debt collection practices.

464 F.3d 450, 454 (3d Cir. 2006). The standard is an objective one. *Jensen v. Pressler & Pressler*, 791 F.3d 413, 419 (3d Cir. 2015).

The fact-finder could easily find that the sentence in issue was deceptive or misleading to the least sophisticated debtor or consumer. Such a debtor or consumer, or indeed any debtor or consumer, could reasonably understand that the collection agency was required to report to the IRS the

forgiveness of any part of the $341.79 debt.  A reasonable recipient of the letter could rightly interpret <u>as</u> to mean not <u>when</u> but <u>because</u>, that is that the IRS reporting requirement was mandatory for any debt forgiveness.  Under the circumstances defendant presented an inaccurate and thus a deceptive statement of the law.  26 C.F.R. § 1.6060p-1.  Our Court of Appeals has reiterated in <u>Brown</u> that "a debt collection letter is deceptive where 'it can be reasonably read to have two or more different meanings, one of which is inaccurate.'"  464 F.3d at 455 (quoting <u>Wilson v. Quadramed Corp.</u>, 255 F.3d 350, 354 (3d Cir. 2000)).  This is exactly the situation alleged here.

     Under the circumstances, the motion of the defendant to dismiss for lack of subject matter jurisdiction or in the alternative for judgment on the pleadings fails.